

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00411-CR

ERIC MOLINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-431,388, Honorable John J. "Trey" McClendon, Presiding

June 27, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Eric Molina appeals from his conviction by jury of the offense of sexual assault and the trial court's assessed punishment of twenty years of imprisonment. Through one issue, appellant argues the evidence was insufficient to support his conviction. We will affirm the judgment of the trial court.

## Background

After appellant was indicted for sexual assault of an adult,[1] he plead not guilty and the case was tried before a jury. At trial, the victim, Cory Seth Hamersley, testified that he drank too much beer and became drunk at a party he hosted. Hamersley left the party with appellant and two other people, including appellant's female friend. Hamersley passed out and awoke at appellant's house to find that someone was performing oral sex on him. Initially, he testified, he thought the female was performing the act. On realizing it was appellant, Hamersley pushed appellant off and punched him in the head. Appellant did not testify at trial, but his female friend testified to the version of the events appellant told her.

## Analysis

Appellant's evidentiary sufficiency argument asserts only that the evidence was insufficient to support a finding the victim did not consent to his oral contact with the victim's penis. By his argument, appellant implicitly acknowledges the evidence was sufficient to establish the other elements of the offense, that he intentionally and knowingly engaged in the sexual conduct alleged.

Evidence is legally sufficient to support a conviction if, after assessing all the evidence in the light most favorable to the verdict, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893,

---

[1] Tex. Penal Code Ann. § 22.011(a)(1) (West 2012). This is a second degree felony offense, punishable by imprisonment for any term of not less than 2 years or more than 20 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West 2012).

894-95 (Tex. Crim. App. 2010). We review all of the evidence, whether properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are equally probative, and circumstantial evidence alone can be sufficient to establish guilt. *Id; Patrick v. State,* 906 S.W.2d 481, 488 (Tex. Crim. App. 1995). The jury is the sole judge of the credibility of evidence and the weight to be attached to the testimony of witnesses. *Jackson*, 443 U.S. at 319. When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict and defer to that determination. *Id.*

As charged here, a person commits sexual assault if he: (a) intentionally or knowingly; (b) causes the sexual organ of another person; (c) without that person's consent; (d) to contact or penetrate the mouth of another person, including the actor. TEX. PENAL CODE ANN. § 22.011(a)(1)(C) (West 2012). Consent is defined as "assent in fact, whether express or apparent." TEX. PENAL CODE ANN. § 1.07(a)(11) (West 2012). Sexual assault is without the consent of the other person if, among other things, the other person has not consented and the actor knows the other person is unconscious; or the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring. TEX. PENAL CODE ANN. § 22.011(b)(3), (5) (West 2012).

The uncorroborated testimony of the victim alone is sufficient to support a conviction for sexual assault, as long as the victim tells someone other than the defendant within a year of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West 2012); *Quincy v. State,* 304 S.W.3d 489, 497 (Tex. App.—Amarillo 2009, no pet.). Further, it was the jury's task to resolve conflicts in the testimony, weigh the evidence,

3

and draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319; *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Hamersley testified to his drunken condition, and denied he consented to appellant's sexual contact with him. He told the jury that "I remember slightly coming to -- I was laying [sic] on my back, and I remember slightly coming to at a house. At first I didn't realize where I was at . . . . I just remember feeling something wet down around my penis . . . ." He further stated, "I thought it was [appellant's female friend] was my first thought, and then I heard [appellant's] voice . . . . And that's when I like came to and realized what was going on. I hit him in the top of the head to get him off . . . ." He further testified to his realization that he was wearing only his socks, and to his demand that appellant bring him his clothes. He said he called his brother-in-law for a ride home, told him about the assault on the way, and went to the hospital.

The sexual assault nurse examiner testified Hamersley told her and a rape advocate that he was asleep, woke up naked at appellant's house and discovered appellant had his genitals in his mouth.

Appellant's female friend testified that on the night of the incident, she was in another room of appellant's house, he came into the room, appeared "giddy" and told her he had taken Hamersley's pants off because they had "throw-up" on them. She further testified appellant later told her of his oral contact with Hamersley's penis, and that Hamersley "freaked out" when he woke up. Particularly when coupled with Hamersley's testimony, the female friend's testimony supports a rational conclusion that appellant was aware Hamersley was unconscious at the time of the initial contact

4

between his mouth and the other man's penis, and a rational conclusion appellant also knew at that point Hamersley was unaware the sexual assault was occurring. *See Anderson v. State,* No. 02-10-00489-CR, 2012 Tex.App. LEXIS 2898 (Tex. App.—Fort Worth April 12, 2012, no pet.) (mem. op., not designated for publication); *Viera v. State,* No. 08-10-00332-CR, 2012 Tex.App. LEXIS 7934, at *11 (Tex. App.—El Paso Sept. 19, 2012, pet. ref'd) (mem. op., not designated for publication) (both finding evidence of non-consent to sexual assault sufficient). *See also Elliott v. State,* 858 S.W.2d 478, 485 (Tex. Crim. App. 1993) (discussing evidence supporting finding of lack of consent "where assent in fact has not been given"); *Jennings v. State,* No. 07-09-00047-CR, 2010 Tex. App. LEXIS 10241, at *9 (Tex. App.—Amarillo Dec. 29, 2010) (mem. op., not designated for publication) (collecting cases finding lack of consent when the victim was asleep at time sexual contact was initiated).

Appellant points to other circumstantial evidence the jury could have seen as indicating Hamersley's consent to oral sex with him. He notes Hamersley's testimony that he considered appellant to be "effeminate," and his acknowledgement that he invited appellant to his party and voluntarily left the party when appellant and the others left for a fast food restaurant. Appellant also emphasizes Hamersley's failure to react in protest immediately when he realized he was receiving oral sex. He also points to earlier text and FaceBook messages between the two as indicating a friendly relationship between the two men.

In the exercise of its role as fact-finder, the jury was entitled to believe Hamersley's testimony that he is not attracted to men, was interested in appellant's female friend, and did not consent to appellant's performance of oral sex on him.

5

Recognizing the jury's role, we defer to its resolution of the conflicting inferences that might be drawn from the evidence. *Jackson*, 443 U.S. at 319.

Viewing the evidence in the light most favorable to the verdict, the jury's conclusion Hamersley did not consent to the sexual act by appellant was rational. The evidence is legally sufficient to support appellant's conviction. We overrule his sole issue on appeal and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.